**ATCS INTERNATIONAL LLC, Plaintiff,**

v.

**JEFFERSON CONTRACTING CORP., Defendant.**

No. 1:11–cv–109(AJT–JFA).

United States District Court,
E.D. Virginia,
Alexandria Division.

June 3, 2011.

Mark Patrick Graham, Maureen Elizabeth Carr, Stephen D. Charnoff, Rees Broome PC, Vienna, VA, for Plaintiff.

Kwamena Munko Acquaah, Bailey Gary, Washington, DC, for Defendant.

## ORDER

ANTHONY J. TRENGA, District Judge.

Pending before the Court is Plaintiffs Motion for a Preliminary Injunction (Doc. No. 9). For the reasons stated herein, that motion is DENIED.

The parties entered into a subcontract agreement pursuant to which Defendant Jefferson Contracting Corp. ("Jefferson" or "Defendant") hired Plaintiff ATCS International LLC ("ATCS" or "Plaintiff") to evaluate various infrastructure utilities and prepare certain technical drawing called Composite Shop Drawing ("CSDs") for a large-scale project identified as the Barwa Commercial Avenue Project located in Doha, Qatar. After the parties' relationship broke down, ATCS sought and received copyright registration for the CSDs. On January 31, 2011, ATCS filed a complaint against Jefferson alleging copyright infringement (Count I), breach of contract (Count II) and unjust enrichment (Count III). On March 4, 2011, ATCS filed a Motion for a Preliminary Injunction (the "Motion") (Doc. No. 9) seeking an order enjoining Jefferson as well as its agents and employees and all other persons acting in concert with them from, *inter alia*, using in any manner the CSDs because such use allegedly infringes on Plaintiff's copyright in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*[1]

---

1. The parties conducted expedited discovery in connection with the Motion. On April 22, 2011, Plaintiff filed a Supplemental Memorandum in Support of Plaintiff's Motion for

■ A plaintiff seeking a preliminary injunction must establish that it is "(1) likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.* 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); *Real Truth About Obama v. Federal Election Commission,* 575 F.3d 342, 347 (4th Cir.2009).

■ In support of its claim that it is likely to succeed on the merits, Plaintiff relies primarily on a certificate of registration issued by the Copyright Office, which constitutes prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c). The Plaintiff has also submitted evidence that establishes, by strong circumstantial evidence, that these CSDs have been used by others without its permission. Nevertheless, the Court cannot determine that ATCS is likely to succeed on the merits. These CSDs were compiled from other non-copyrighted technical drawings provided to and not created by the Plaintiff; and Plaintiff's contribution was to arrange the various utility systems into one integrated coordinated whole. While compilations of preexisting material "may possess the requisite originality" to warrant copyright protection, *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 348, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991), it must be remembered that copyright protects the expression of ideas; it does not protect process or systems or its functional rather than creative expression. 17 U.S.C. § 102(b); *see also Lexmark Intern. Inc. v. Static Control Components, Inc.,* 387 F.3d 522, 534–35 (6th Cir.2004). While there is no doubt that highly sophisticated engineering skill and expertise are

reflected in the CSDs, there is nothing in the record that shows how these CSDs add originality to these underlying construction documents such that they qualify for copyright protection or that they in fact contain protectable, copyrightable expressions of ideas, as opposed to functionally driven designs, as to which there were no or limited choices. Under these circumstances, the presumption of copyright validity that attaches to the CSDs by virtue of their registration does not clearly establish a valid, protectable copyright. *See Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.,* 618 F.3d 417, 428 (4th Cir.2010) (concluding that the Copyright Office's practice of summarily issuing registrations counsels against placing too much weight on registrations as proof of a valid copyright). Even assuming that the CSDs contain the required minimal degree of creativity to permit copyright protection, the record does not, in any event, clearly establish what specific portions of the CSDs enjoy that valid copyright protection and whether and to what extent those protectable portions of the CSDs have been infringed. For these reasons, the Court cannot conclude that the Plaintiff has clearly shown that there is a likelihood of success on the merits of its claim.

■ Plaintiffs seeking preliminary relief must also demonstrate that irreparable harm is likely in the absence of the requested relief. Recognizing the need to show irreparable harm, the Plaintiff premised its motion on its claim of copyright infringement, set forth in Count I, as opposed to its claim of breach of contract, set forth in Count II. Plaintiff, however, has not met its burden of showing irreparable harm. At its core, the parties' dispute

Preliminary Injunction (Doc. No. 35). With the Motion fully briefed, the Court held a

hearing on May 6, 2011, after which the Court took the Motion under advisement.

arises out of Jefferson's alleged failure to pay for the CSDs, as required under the parties' subcontract. Monetary damages are the traditional remedy for such a claim, and Plaintiff has not demonstrated that damages would not be an adequate form of relief. Plaintiff has candidly argued that the absence of an injunction eliminates its ability to pressure the Defendant into payment; but loss of leverage in settlement negotiations does not constitute irreparable harm. *See eBay Inc. et al. v. MercExchange, LLC,* 547 U.S. 388, 396–97, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (Kennedy, J., concurring) (observing that damages may be sufficient to compensate a holder of intellectual property for infringement even without the leverage in negotiations that the threat of an injunction provides). Neither is there sufficient evidence that the work product is diminishing in value, as the Plaintiff argues, because the value of the CSDs appears limited to this particular project; and for that reason the cases Plaintiff relies on are inapposite.[2]

■ Finally, the record before the Court does not clearly establish that the balance of equities or the public interest clearly weigh in favor of granting Plaintiff's request for a preliminary injunction. While the Court agrees with the Plaintiff that a party in Defendant's position cannot invoke equitable considerations to rescue it from harm when it is the architect of its own injuries, the Court must also consider that the CSDs relate to a critical portion of a large commercial project, and an injunction could and is likely to affect numerous non-parties that are unrelated to the parties' dispute. Given the record, the balance of equities and the public interest do not weigh in favor of granting preliminary relief.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for a Preliminary Injunction (Doc. No. 9) be, and the same hereby is, DENIED.

---

**2.** At the hearing held on May 6, 2011, Plaintiff contended that even after it had been paid, it would continue to have a need for an injunction to protect itself from potential liability that could be caused by Defendant's and others' improper interpretation or use of the CSDs. Plaintiff's contractual rights, however, are defined in the parties' subcontract. Under that subcontract, the ownership of the drawings implicitly transfers to the Defendant upon payment of the contract price, at which time, Defendant is free to utilize the CSDs as they deem appropriate. No doubt recognizing the difficulties this position created for the purposes of establishing irreparable harm, Plaintiff's current position minimizes the significance of payment, but at this point, there has been no clear showing that Plaintiff cannot be adequately compensated with money damages.